NOT DESIGNATED FOR PUBLICATION

No. 129,347

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DYLAN COLE BURNETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Submitted without oral argument. Opinion filed April 17, 2026. Appeal dismissed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before GARDNER, P.J., MALONE and ATCHESON, JJ.

PER CURIAM: After pleading guilty to two counts of electronic solicitation and one count of aggravated internet trading pursuant to an agreement with the State, Defendant Dylan Cole Burnett timely appeals the sentence the Dickinson County District Court imposed. The sentence conformed to the joint recommendation in the plea agreement. Burnett moved for summary disposition of his appeal in accordance with Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48), noting the settled law regarding the lack of appellate jurisdiction to review a sentence consistent with a plea agreement. The State did not respond to the motion, and we have granted it.

In the motion, Burnett identifies no legal or factual error on the district court's part. As we outline and as Burnett has acknowledged, we have no jurisdiction over this appeal

1

because he received the sentence he negotiated in his plea agreement. We, therefore, dismiss the appeal.

The State charged Burnett with 23 off-grid felonies and 14 severity level 5 person felonies. Pursuant to the agreement with the State, Burnett pleaded guilty to two counts of electronic solicitation and one count of aggravated internet trading. As part of that disposition, the parties agreed not to seek a departure and to jointly recommend a controlling prison term of 330 months. Following a plea colloquy, the district court accepted Burnett's plea as knowingly and voluntarily made.

At sentencing, the district court sentenced Burnett "pursuant to the agreement of the parties" and ordered him to serve 330 months in prison, consisting of two consecutive 165-month sentences for the electronic solicitation convictions and a concurrent 59-month sentence for aggravated internet trading. The district court also ordered lifetime postrelease supervision.

In his motion for summary disposition, Burnett has not identified any legal defect in the sentence. And he appropriately cites K.S.A. 21-6820(c)(2) as precluding an appellate court from reviewing "any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record."

At sentencing, the district court explicitly stated that it would follow the parties' sentencing recommendation, and it did so. Because the district court sentenced Burnett in conformity with the plea agreement he entered, K.S.A. 21-6820(c)(2) controls. We, therefore, lack appellate jurisdiction to review the otherwise lawful sentence the district court imposed on Burnett or to entertain any argument the district court somehow abused its judicial discretion.

Appeal dismissed.